UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CITY OF ROCHESTER,

Plaintiff,

v.

DANIEL JOSEPH WIK,

Defendant.

25-CV-6716-MAV
**DECISION & ORDER**

## INTRODUCTION

On December 1, 2025, Defendant, Daniel Joseph Wik ("Wik"), filed a notice of removal from the New York State Supreme Court, Monroe County. ECF No. 1. Before the Court is a motion to remand filed by Plaintiff, the City of Rochester ("City"), alleging lack of jurisdiction and procedural defects as well as a request for an award of costs and fees under 28 U.S.C. § 1447(c). ECF No. 4. Wik opposes. ECF No. 9. For the reasons that follow, the City's motion is granted, and this action shall be remanded to state court. The request for costs and fees is denied.

## BACKGROUND

The underlying action brought by the City involves a municipal *in rem* tax lien foreclosure against properties owned by Wik located in the City of Rochester, County of Monroe, based on alleged unpaid property taxes for approximately ten years or more. ECF No. 4-5 at 3-63, 88-90. The action was commenced in New York State Supreme Court, Monroe County, on April 21, 2025, pursuant to the City Charter

Article IX, Part E, Title 4. *Id.* at 17-19. On December 1, 2025, Wik filed a Notice of Removal from the New York State Supreme Court to the Western District of New York. ECF No. 1. The City filed the instant motion to remand on December 22, 2025. ECF No. 4. Wik filed his opposition on May 1, 2026. ECF No. 9.

## LEGAL STANDARD

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. *Sandhu v. Citibank, N.A.*, 758 F. Supp. 3d 162, 164 (W.D.N.Y. 2024) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Thus, the removing party must demonstrate "compliance with the statutory requirements." *Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-7834 (JMF), 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (quotation omitted); *see* 28 U.S.C. § 1446(a).

28 U.S.C. § 1446 and Local Rule of Civil Procedure 81 set forth procedural requirements for noticing removal to the Western District of New York. "There is

nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." *Commonwealth Advisors Inc.,* 2016 WL 3542462, at *2.; *see L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *3 (S.D.N.Y. Mar. 31, 2017). "This Court must 'construe the removal statute narrowly, resolving any doubts against removability.'" *Bagnato v. The Home Depot*, No. 03-CV-0789E(SC), 2004 WL 625270, at *1 (W.D.N.Y. Jan. 15, 2004) (quoting *Somlyo v. J. Lu–Rob Enters*., 932 F.2d 1043, 1045–46 (2d Cir. 1991)); *see Leslie v. BancTex Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) ("all doubts should be resolved in favor of remand"). Inadvertent noncompliance with the procedural requirements for removal is not a reasonable defense to a motion for remand. *See, e.g., Polito v. Hanover Ins. Grp., Inc.*, No. 18-CV-6332 CJS, 2018 WL 3598873, at *5–6 (W.D.N.Y. July 27, 2018); *Catalina Corp. v. Pauma Band of Luiseno Indians*, No. 10cv1404–WQH–BLM, 2010 WL 4024895 (S.D. Cal. Oct. 12, 2010).

## DISCUSSION

### I. Jurisdiction

The City argues that removal is appropriate because this Court lacks subject matter jurisdiction as there is no federal law at issue. ECF No. 4-2 at 4. Wik argues that the Court has jurisdiction pursuant to 28 U.S.C. § 1333 which confers original and exclusive jurisdiction over admiralty, maritime, and prize cases.

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (1987). Here, there are no

federal laws at issue. The claims in the petition arise out of local municipal law—specifically, Title 4, Part E, Article IX of the Charter of the City of Rochester—not admiralty or maritime law. ECF No. 4-5 at 5. Thus, the Court does not have federal question jurisdiction under 28 U.S.C. § 1331.

In the absence of federal-question jurisdiction, the Court turns to whether there is diversity jurisdiction. "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F.Supp.2d 453, 455 (W.D.N.Y. 2011) (*citing Hallingby v. Hallingby*, 574 F.3.d 51, 56 (2d Cir. 2009)). As the City points out, a foreclosure action is an *in rem* proceeding, not *in personam*, meaning that the court obtains jurisdiction based on the presence of the subject property within that territorial jurisdiction. *Hetelekides v. County of Ontario*, 39 N.Y.3d 222, 232-233 (2023). Here, the subject properties are located within the City of Rochester, County of Monroe, State of New York, as is the City. And even if jurisdiction was based on Wik's residence, diversity jurisdiction would still not exist as Wik resides in the State of New York. ECF No. 4-5. Therefore, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

In conclusion, in the absence of subject matter jurisdiction, this case is properly remanded to state court. The Court declines to address the City's remaining arguments regarding procedural defectiveness.

## II. Fees and Costs

The City requests an award of costs and fees under 28 U.S.C § 1447(c) which allows a court to make such an award which was incurred from a removal when there is an order for remand.

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

The City argues that because there was no objectively reasonable basis for removal, costs and fees are warranted. ECF No. 4-2 at 6-8. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin*, 546 U.S. 132, 141 (2005). The City further argues that Wik used the removal process as a tactic to delay state court proceedings here and in two other instances, and, therefore, awarding fees would act as a deterrence from alleged abuse of the judicial process. ECF No. 4-2 at 7.

Here, Wik removed the action from New York State Supreme Court on December 1, 2025, ECF No. 1, one day prior to the return date in the Foreclosure Special Term Part in New York State Supreme Court scheduled for December 2, 2025. ECF No. 4-5 at 55.

In *Wik v. City of Rochester*, 25-cv-06268 (W.D.N.Y. 2025), Wik removed the action from New York State Supreme Court on May 20, 2025, 25-cv-06268, ECF No. 1, one day prior to the court appearance scheduled for May 21, 2025 on the Special Term Calendar in New York State Supreme Court. ECF No. 4-5 at 51.

In *In re: Matter of the Foreclosure Tax Liens*, 25-cv-06744 (W.D.N.Y.), Wik removed the action from New York State Supreme Court on December 9, 2025, the day of the court appearance scheduled in New York State Supreme Court, Genesee County. ECF No. 4-5 at 59.

The Court recognizes that a *pro se* litigant is ordinarily afforded "a special solicitude." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, the extent of solicitude granted to a *pro se* litigant varies; for instance, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Id.* at 102.

Given Wik's *pro se* status and lack of legal expertise, the Court views the objective reasonableness standard more leniently, grants him "special solicitude," and finds that costs and fees are not appropriate at this time. *Id.* at 101. **However, this Decision now serves as a warning that Wik is not immune to costs and fees in the future. Wik is hereby warned that any future removal of a foreclosure matter such as this, to the Western District of New York, may result in an assessment of costs and fees under 28 U.S.C § 1447(c).** *See Benitez v. King*, 298 F. Supp. 3d 530, 544 (W.D.N.Y. 2018) (citations omitted).

## ORDER

IT HEREBY IS ORDERED that the City's motion to remand, ECF No. 4, is GRANTED, and the Clerk of Court is directed to remand this action to the New York State Supreme Court, County of Monroe. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this Order of remand to the clerk of the state court.

IT IS FURTHER ORDERED that the City's request for costs and fees under 28 U.S.C. § 1447(c) are denied.

SO ORDERED.

Dated: October 6, 2026
Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE